Mendez v City of New York (2022 NY Slip Op 02954)

Mendez v City of New York

2022 NY Slip Op 02954

Decided on May 03, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 03, 2022

Before: Manzanet-Daniels, J.P., Gesmer, Moulton, Mendez, Higgitt, JJ. 

Index No. 155217/13 Appeal No. 15874 Case No. 2021-01156 

[*1]Johnny Mendez, Plaintiff-Appellant,
v
The City of New York et al., Defendants-Respondents, Welsbach electric corp., et al., Defendants.

Wiese & Aydiner, PLLC, Mineola (Si Aydiner of counsel), for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Garrett C. Fisher of counsel), for respondents.

Order, Supreme Court, New York County (J. Machelle Sweeting, J.), entered February 18, 2021, which granted defendants City of New York, New York Police Department, and Traffic Enforcement Agent Gomez's motion for summary judgment dismissing the complaint as against them, unanimously affirmed, without costs.
Plaintiff's testimony that defendant Gomez directed him to proceed through an intersection, immediately after which he was struck by a taxicab, is an insufficient factual predicate for the theory that defendant City owed him a special duty of protection (see Valdez v City of New York, 18 NY3d 69, 75 [2011]; Blackstock v Board of Educ. of the City of N.Y., 84 AD3d 524 [1st Dept 2011]). It establishes neither that the City assumed any duty, either through promises or actions, to act on his behalf nor that he relied on such a promise (see Cuffy v New York, 69 NY2d 255, 260 [1987]; Shands v Escalona, 44 AD3d 524, 524 [1st Dept 2007]). Indeed, plaintiff testified that he did not make eye contact with Gomez.
In any event, since Gomez was engaged in the discretionary governmental function of directing traffic when the accident occurred, the City cannot be held liable for his acts (see Valdez, 18 NY3d at 75-76; Jagatpal v Chamble, 172 AD3d 573 [1st Dept 2019]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 3, 2022